In the Matter of CHARLES RINDONE et al., Appellants, against PAUL J. KERN et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Argued January 23, 1940; decided March 5, 1940,

*Herman Morris* for appellants. Under the provisions of chapter 822 of the Laws of 1936 appellants were without any other or further preliminary requirements eligible to enter the regular open competitive examinations of October, 1936. (*Matter of Sheridan* v. *Kern,* 166 Misc. Rep. 920; 255 App. Div. 57; *Matter of O'Callaghan* v. *Finegan,* 166 Misc. Rep. 556; 276 App. Div. 587.)

*William C. Chanler, Corporation Counsel* (*Stanley Buchsbaum* and *David DuVivier* of counsel), for respondents. Whether or not petitioners are entitled to participate in a special competitive test for the position of attendant-messenger they are not entitled to retain their positions as against persons on appropriate and valid eligible lists. (*Matter of Kraus* v. *Singstad,* 275 N. Y. 302; *Matter of Britt* v. *Kern,* 279 N. Y. 701; *Matter of Ackerman* v. *Kern,* 281 N. Y. 87; *Matter of Abrams* v. *Kern,* 281 N. Y. 787.)

*Leopold V. Rossi* for Alexander J. Gruber, Jr., et al., *amicus curiæ.* Persons on the open competitive eligible list of attendant-messenger should be certified and appointed to the positions which have been held by provisional appointees without examinations for more than four months. (*Matter of Sheridan* v. *Kern,* 255 App. Div. 57; *Matter of Goss* v. *Rice,* 160 Misc. Rep. 698; 249 App. Div. 895.)

FINCH, J. This case differs from that of *Matter of Staples* v. *Kern* (282 N. Y. 205), decided herewith, in that the present proceeding is brought by persons now holding positions in the Home Relief Division of the Department of Welfare, City of New York, for which the lists of watchman-attendant and messenger-attendant are appropriate. The Municipal Civil Service Commission has issued notices of dismissal to the petitioners-appellants who are to be replaced with eligibles taken from the appropriate lists.

The question presented by the case at bar is as follows: If the Municipal Civil Service Commission may grant to the petitioners a special examination to rectify the error of the Commission in excluding the petitioners from the original examination, may these petitioners retain their present positions pending the outcome of the special examination?

In *Matter of Kraus* v. *Singstad* (275 N. Y. 302); *Matter of Britt* v. *Kern* (279 N. Y. 701), and *Matter of Ackerman* v. *Kern* (281 N. Y. 87) the principle has been enunciated that persons on appropriate lists are entitled to be appointed whenever the positions to which they seek appointment are being filled with those not selected in accordance with the Civil Service Law (Cons. Laws, ch. 7). The situation in the case at bar is different in two respects: *First*, the existing list may be considered incomplete because petitioners have been excluded from the examination as a result of which the list was promulgated. *Second*, it would be the more orderly procedure to permit petitioners to retain their positions for the additional, relatively short time which the special examination will require than to oust them from their positions, appoint eligibles from the list as compiled thus far, and then reinstate such of the petitioners as pass the examination with ratings higher than those of the eligibles on the present list whom the Commission would appoint pending the results of the special examination. The inestimably greater administrative convenience which would result if the petitioners retained their positions for the time being is, therefore, a sufficient factor

to warrant a reversal and thereby maintain the *status quo* until the completion of the special examination, after which time the Commission will be in a position to promulgate a complete list.

The orders should be reversed and the matter remitted to the Special Term to proceed in accordance with this opinion, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.