In the Matter of LOUIS H. STAPLES, Respondent, against PAUL J. KERN et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

Argued January 23, 1940; decided March 5, 1940.

*William C. Chanler, Corporation Counsel (Stanley Buchs-baum* and *Robert H. Schaffer* of counsel), for appellants. Provisional employees of the Emergency Relief Bureau who were performing work similar to that of messenger or attendant were entitled to compete in the examinations for the positions of watchman-attendant and messenger-attendant without regard to the preliminary requirements. (*Matter of Sheridan* v. *Kern*, 166 Misc. Rep. 920; 255 App. Div. 57; *Matter of Grout* v. *Finegan*, 250 App. Div. 753; *Matter of O'Callaghan* v. *Finegan*, 166 Misc. Rep. 556; 276 N. Y. 537.) The method of remedying mistakes of the Commission which deprive persons of an opportunity to take civil service examinations by giving them a special competitive examination is reasonable and proper, and there has been compliance with the rule providing for such tests. (*People ex rel. Rice* v. *Graves*, 242 App. Div. 128; 270 N. Y. 498.)

*Samuel Luloff* and *Morris Luloff* for respondent. The Commission committed no manifest error in failing to provide a waiver of preliminary requirements in the 1936 examinations. (*Matter of Kraus* v. *Singstad*, 275 N. Y. 302; *Matter of Social Investigators E. Assn.* v. *Taylor*, 268 N. Y. 233; *Baker* v. *Brintnall*, 52 Barb. 188; *Matter of Britt* v. *Kern*, 279 N. Y. 701; *Matter of Ackerman* v. *Kern*, 281 N. Y. 87.) The Commission is bound by its own rules, and its failure to act upon the purported manifest error within the time limited by its rules invalidates its conduct. (*Matter of O'Brien* v. *Delaney*, 255 App. Div. 385; *Wittekind* v. *Kern*,

170 Misc. Rep. 939; 256 App. Div. 918; 281 N. Y. 701; *Carmody* v. *City of Mt. Vernon*, 3 App. Div. 347; *People ex rel. Davie* v. *Lynch*, 164 App. Div. 517; *Hellyer* v. *Prendergast*, 176 App. Div. 383.) The Commission had no jurisdiction to include in the 1936 examinations a provision for Emergency Relief Bureau competitors to receive " due credit " or compete without preliminary requirements. (*Social Investigators E. Assn.* v. *Taylor*, 268 N. Y. 233.)

FINCH, J. The appeal is here by leave of this court and is taken from an order of the Appellate Division unanimously affirming an order of Special Term.

The issues presented arise out of the attempt of the Municipal Civil Service Commission of the City of New York to correct on its own motion certain " manifest errors " which it had committed in the conduct of two examinations. Petitioner seeks to restrain the Municipal Civil Service Commission from conducting a supplementary examination designed to remedy the prior errors.

The Temporary Emergency Relief Administration was created by the Laws of 1931, chapter 798, which provided that the employees " shall not be subject to the provisions of the civil service law " (§ 19). This provision was held unconstitutional in *Matter of Kraus* v. *Singstad* (275 N. Y. 302). These provisions were amended by the so-called Hendel Act, which provided:

" § 19. Salaries of local staffs. * * * No person employed pursuant to this act, during the emergency period, shall be subject to the provisions of the civil service law except that any local emergency relief bureau or other local relief authority may, with the approval of the administration or of the department succeeding to its functions, appoint its employees in accordance with the civil service law and rules from eligible lists established as a result of *civil service examinations* held subsequent to the time this section as hereby amended takes effect, *in the grading of which due credit shall be given for experience with the local emergency relief bureaus or other local relief authorities.*" (L. 1936, ch. 822, § 1.) (Italics added.)

By the Laws of 1937, chapter 358, section 15, the Legislature enacted the following: "The foregoing provisions shall likewise apply to employees of the temporary emergency relief administration transferred to the state department of audit and control, and such persons shall hold temporary positions in the competitive class of the civil service until *appointments shall be made from civil service eligible lists established by examinations hereafter held, to which persons employed in an equivalent* position for a period of not less than three months between July first, nineteen hundred thirty-six and June thirtieth, nineteen hundred thirty-seven *in the temporary emergency relief administration shall be deemed eligible for admission* and in the grading of which due credit shall be granted for experience as an employee of the temporary emergency relief administration." (Italics added.)

A similar provision is now incorporated in section 3-k of the Public Welfare Law (Cons. Laws, ch. 42), as amended by the Laws of 1938, chapter 482.

After the effective date of the Hendel Act, but before that of the 1937 statute, the Municipal Civil Service Commission conducted examinations for the positions of watchman-attendant and of messenger-attendant. The notices of the examinations were issued in August, 1936, and the examinations were given on October 24, 1936. On December 21, 1937, the messenger-attendant list was promulgated, and on May 11, 1938, the watchman-attendant list was promulgated. The notices for these two examinations omitted to state that persons then employed by the Emergency Relief Bureau in similar positions would be eligible to take the examination without complying with the preliminary requirements applicable to all others. Furthermore, the Commission failed to notify about forty persons, who had filed applications, as to when the examinations would be conducted. The omission to permit employees of the ERB to take the examination with a waiver of preliminary requirements and the failure to notify forty candidates who had filed applications, and who had not

been employed by the ERB, are urged by the Commission to constitute " manifest errors " on its part which it has the power to correct. Accordingly, on April 13, 1938, several months after the messenger-attendant list had been promulgated, and before the watchman-attendant list was promulgated, the Commission ordered that a special, supplementary examination be given on June 6 and 7, 1938, for the benefit of the forty applicants who failed to receive proper notice of the original examinations. On May 18th, a week after the watchman-attendant list was promulgated, the Commission ordered that those then engaged in appropriate work in the Department of Welfare, Home Relief Division, and who had been engaged in such work prior to August, 1936, when the original notices for the original examination were issued, a group totaling approximately 475 persons, also be admitted to the special examinations to be conducted on June 6 and 7, 1938. The Commission justifies its action by the provisions of rule V, section IV, paragraph 11 of the Rules of the Municipal Civil Service Commission, which provides as follows:

" 11. No candidate shall be given a second or special competitive test in connection with any examination held, unless it be shown to the satisfaction of the Commission, that his failure to take or complete such test was due to a manifest error or mistake for which the Commission is responsible, the nature of which shall be set forth in its minutes; or that such failure was due to compulsory attendance before a court or other public body or official having the power to compel attendance; or in the case of a promotion examination, that such failure was due to a physical disability incurred during the course of and within the scope of the employment of such candidate. No claim for a special test shall be allowed unless it be filed in writing with the Commission within fifteen days after the date of the error or the termination of the candidate's disability and within sixty days after the date of said test."

As a result of this proceeding the Appellate Division has affirmed the order of Special Term which restrained the

Municipal Civil Service Commission from admitting ERB employees to the special examination. Petitioner does not appeal from so much of the order below which denied his prayer for relief in other respects, *e. g.*, that all those who possess the preliminary requirements be admitted to the examination, and, therefore, the right of the Commission to grant the special, supplementary examination to the forty candidates who were not notified of the original examination is not now before this court.

The question, therefore, which is raised upon this appeal is whether (1) the Commission committed " manifest error " in excluding from the original examinations employees then engaged in doing similar work for the ERB, and (2) whether the Commission has taken appropriate action to remedy its previous error.

(1) No constitutional objection is raised concerning the power of the Commission to admit, by the waiver of preliminary requirements, provisional employees of the ERB to the examinations, and, therefore, the issue upon this phase is solely one of the intention of the Legislature. Admittedly, the Hendel Act prior to its amendment in 1937 is not free from doubt. However, the provision that due credit be given for ERB experience in relevant positions would be ineffective and a futile provision if provisional ERB employees were not eligible to take the examination. Further, the amendment of 1937 clarifies the intention of the Legislature so that if it were to be held that the Hendel Act did not *in effect* reach the same result as was explicitly provided for by the 1937 act, there would result the situation whereby a relatively small number of ERB provisional employees would be denied admission to civil service examinations with a waiver of preliminary requirements whereas most of their fellow provisionals have been or will be accorded that opportunity.

As noted, prior to the Hendel Act there were no civil service requirements under the statutes for these positions. The Hendel Act was the first change in the direction of introducing civil service in the administration of unem-

ployment relief. The Legislature might have intended to oust ERB provisionals and admit only such as complied with all preliminary requirements or it might have intended that rigorous civil service requirements be set up as to all newcomers in the field, whereas those already employed, albeit not by means of the civil service, be granted an opportunity to enter the civil service system without possessing the prerequisites demanded of the newcomers. The clearly expressed intention in the amendment of this same section in the following year, so as to provide that all those previously employed in the Temporary Relief Administration, even for as short a time as three months, should be admitted to the competitive examination without regard to preliminary requirements, makes plain the legislative intention which was more doubtfully expressed in the earlier statute.

Petitioner, however, contends that whatever the construction of the statute, the error was not "manifest," since the meaning of the statute was not clear and either interpretation might be a reasonable one. Although the statute is admittedly ambiguous, the question of interpretation is one of law, and the action of the Commission must be judged, not according to the doubtful terms of the statute, but according to the statute as it is ultimately interpreted by the courts. The question as to whether an error is manifest must relate to the action of the Commission and not to a question of law.

(2) The rule of the Civil Service Commission, which it submits in justification of its action, provides that: "No claim for a special test shall be allowed unless it be filed in writing with the Commission within fifteen days after the date of the error * * * and within sixty days after the date of said test." (Rule 5, § 4, ¶ 11.)

Petitioner contends that, although the Commission might otherwise have been authorized to act, its own rules bar the proposed remedy for failure to act promptly. But petitioner overlooks the fact that this section may reasonably be construed to apply only to the right of a candidate to

obtain relief rather than to the action of the Commission taken upon its own initiative. Thus, a candidate, if he would claim his right, must do so within the time limits set forth in the rule; thereafter he no longer has the *right* to relief at the hands of the Commission, which may, however, at any reasonable time, act upon its own accord to correct errors which it acknowledges.

The notice to provisionals of the special supplementary test contained the following: " If you are presently employed in the Home Relief Division, you are hereby advised that your right to ultimate certification from this list depends upon the outcome of the case of *Britt* v. *Kern,* which is now on appeal. If the decision in this case is affirmed you cannot be certified."

Thereafter the decision in *Matter of Britt* v. *Kern* was affirmed by this court (279 N. Y. 701). Petitioner contends that, therefore, the notice of the special examination is vitiated by its own condition subsequent. Even assuming arguendo that the Commission has the power to give a notice of examination upon the condition that a certain case be decided favorably to the Commission, such is not the meaning of the purported condition in the notice of examination in question. From a reading of that notice, it is clear that the Commission did no more than to advise and to warn prospective applicants that there existed the danger, in the opinion of the Commission, that its attempt to grant the special examination might be of no avail to the candidates.

Petitioner contends that in any event the decisions of this court in *Matter of Britt* v. *Kern* (279 N. Y. 701) and in *Matter of Ackerman* v. *Kern* (281 N. Y. 87) have determined in his favor the questions now under review. These cases do not support the position of the petitioner. In *Matter of Britt* v. *Kern* the question in this court was only whether those who had been placed upon a civil service list were entitled to positions then being held by appointees outside of the civil service. In *Matter of Ackerman* v. *Kern* that same question was raised in regard

to promotional examinations. In the latter case the major question discussed in the opinion relates to the *appropriateness* of the list promulgated by the Commission for the positions to which the petitioners sought appointment.

The orders should be reversed and the petition dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Orders reversed, etc.