In the Matter of CHARLES RINDONE et al., Petitioners, against HARRY W. MARSH et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, July 12, 1944.

*Herman Morris* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Hortense M. Wittstein* of counsel), for respondents.

LEVY, J. Petitioners seek, *inter alia,* an order directing that the date of their appointment as messenger-attendants in the Department of Welfare be corrected from December 16, 1941, to May 31, 1941. In *Matter of Staples* v. *Kern* (282 N. Y. 205), the Court of Appeals held that the present petitioners and those similarly situated, all of whom were provisional employees of the Emergency Relief Bureau, had been improperly denied an opportunity to participate in an examination for the position of messenger-attendants and that the Municipal Civil Service Commission, acting under a provision of its rules permitting it to correct a manifest error, had properly directed a special supplementary examination to be given for the benefit of pro-

visionals who had failed to receive proper notice of the original examination. In *Matter of Rindone* v. *Kern* (282 N. Y. 214), the court held that the provisionals should be permitted to retain their positions until the special examination was had and the candidates rated. Thereafter the Civil Service Commission corrected the ratings originally received by the present petitioners on the special examination by increasing their marks so that the number of the passing candidates in the special examination was the same in proportion to those who took the examination as the number who passed the original examination in proportion to those who took that examination. The result was to raise petitioners' marks so that they were placed high enough on the list to merit certification and they were thereupon certified for permanent positions as messengers in the Department of Welfare and duly appointed on December 16, 1941.

Once the Commission had directed the rerating of the marks received on the special examination so as to equalize the proportion of passing candidates with that resulting from the.original examination, the petitioners became entitled to the benefit of their adjusted ratings as if they had originally received those ratings. They are therefore entitled to have the dates of their appointments corrected to May 31, 1941, the date when their employment as provisional messengers was terminated by reason of the fact that their standing on the list, prior to the correction of their ratings, was not sufficiently high to entitle them to permanent positions. The contention of the Commission that its power is limited to certification and not to appointment, overlooks the peculiar factual situation presented. Under the decision of the Court of Appeals in *Matter of Rindone* v. *Kern* (*supra*) the petitioners, had they received their corrected ratings originally, would have been entitled to keep their positions on May 31, 1941, instead of being discharged on that date. After their ratings were corrected they were reappointed as messengers in the Department of Welfare. Under these circumstances it is clear that they would have been appointed on May 31, 1941, instead of December, 1941, had they originally received their corrected ratings.

The argument that the Commission in rerating the papers was bound by the limitation contained in its rules regarding the correction of manifest errors, that any such correction " shall be without prejudice to the status of any person previously appointed as a result of such examination " (N. Y. City Mun. Civ. Serv. Comm. Rules, rule V, § V, subd. 5), appears to be without merit in view of the language of the Court of Appeals in

*Matter of Rindone* v. *Kern* (*supra*). There, notwithstanding the fact that the failure to give the petitioners notice of the examination was held to have been a manifest error by the Commission, the court, Judge FINCH writing the opinion, said (p. 216) : '' it would be the more orderly procedure to permit petitioners to retain their positions for the additional, relatively short time which the special examination will require than to oust them from their positions, appoint eligibles from the list as compiled thus far, and *then reinstate such of the petitioners as passed the examination with ratings higher than those. of the eligibles on the present list whom the Commission would appoint pending the results of the special examination.''* (Italics supplied.) The italicized language indicates clearly that the Court of Appeals took the position that the provisionals who passed the special examination with ratings higher than those received by the eligibles on the existing list were entitled to supplant the latter even after their appointment from the original eligible list. This language is inconsistent with the position taken by the Commission that any correction of a manifest error must be without prejudice to the status of previously appointed persons. Indeed, it would seem that the rule is in its essence opposed to the letter as well as the spirit of the constitutional provision that appointments in the civil service '' shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive ''. (N. Y. Const., art. V, § 6.)

That branch of the motion which seeks back pay for the period commencing May 31, 1941, must be denied. In the absence of an express statute the award of back pay would violate the provisions of the State Constitution prohibiting gifts of public moneys or property (art. VIII, § 1; art. IX, § 10). (See *Matter of Mullane* v. *McKenzie,* 269 N. Y. 369.) Section 23 of the Civil Service Law does not apply here since it relates only to officers or employees removed from their positions in violation of the Civil Service Law and thereafter restored to their positions by order of the court. The instant petitioners were never removed from their positions in violation of the Civil Service Law. Prior to their appointment in December, 1941, they had been serving only as provisionals. The Court of Appeals in *Matter of Rindone* v. *Kern* (*supra*) held that provisionals should be.permitted to retain their provisional positions until the results of the special examination were known, only because that would constitute more orderly procedure rather than to oust them from their provisional positions

and later reinstate such of them as received higher ratings than those of the eligibles on the list resulting from the original examination. The petitioners have not been restored by court order to positions from which they were removed in violation of the Civil Service Law. Their real claim is that their original appointment was made later than it should have been. No statute authorizing compensation in such a case is called to the court's attention. Section 23 of the Civil Service Law has no application. It follows that the motion must be denied insofar as the award of back pay to petitioners is requested.

The contention of the respondents that the Statute of Limitations contained in section 1286 of the Civil Practice Act constitutes a bar to the maintenance of the present proceeding is overruled. It appears from the papers that the respondents never took any final action in relation to the demands made upon them by the petitioners. The motion is granted only to the extent of correcting the date of petitioners' appointment as messenger-attendants to May 31, 1941, and otherwise denied. Settle order.